**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DIVISION OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **RICK WEST,** | )( | **Civil Action No.: 3:21-cv-371** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **CITY OF LEAGUE CITY, TEXAS;** | )( | |
| **OFFICER P. D. NGUYEN,** *Individually; and* | )( | |
| **SGT. R. B. MCCURLEY,** *Individually;* | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JEFFREY V. BROWN:**

NOW COMES Plaintiff Rick West complaining of the CITY OF LEAGUE CITY, TEXAS; OFFICER P. D. NGUYEN, *individually;* and SGT. R. B. MCCURLEY, *individually,* and will show the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Galveston County, Texas within the United States Southern District of Texas.

## PARTIES

2. Plaintiff Rick West is a resident of Galveston County, Texas.

3. The CITY OF LEAGUE CITY, TEXAS ("the City") is a municipality

organized under the laws of the State of Texas which, as a home-rule municipality and through the City's Charter, has created a police department, the Texas City Police Department ("TCPD"), through which the City is responsible for the implementation of TCPD policies, procedures, practices and customs, as well as the acts and omissions of its police officers, including all of the above-named police officers.  The City was served with process.

4.      Defendant OFFICER P. D. NGUYEN is sued in his individual capacity and can be served with process at 555 West Walker, League City, Texas 77573 or wherever he is found.

5.      Defendant SGT. R. B. MCCURLEY, is sued in his individual capacity and can be served with process at 555 West Walker, League City, Texas 77573 or wherever he is found.

## FACTS

6.      July 6, 2019 Jennifer Marie O'Donnell (hereinafter sometimes "O'Donnell") who lived with Rick West (hereinafter sometimes "Rick" and "Plaintiff") hit Rick with a bottle in the head drawing blood and then falsely reported to the League City police department that Rick assaulted her. After investigation by the League City police department O'Donnell was charged with assault and her case is currently pending in Cause Number MD-0396539, assault causing bodily injury, County Court at Law No. 1, Galveston County, Texas.

7.      September 25, 2019 Jennifer Marie O'Donnell kicked Rick and hit him in the face. O'Donnell grabbed a buck knife and stabbed the back tire of Rick truck flattening

it. A witness called 911 and Brazoria County, Texas Sheriff's deputies arrested O'Donnell for assault by contact and she was taken to the Brazoria County jail.

8.      O'Donnell has made at least two false police reports to the League City police department accusing Plaintiff of assault prior to January 1, 2020.

9.      December 31, 2019 Plaintiff went to a preplanned New Year's event with Jennifer. After the event, after midnight, Rick and O'Donnell were in her car in the driveway. O'Donnell swung with her hands at Rick and Rick blocked her blows. Both got out of the car and Rick starting swinging at Rick again. Eventually O'Donnell left.

10.      A witness heard the argument and called the League City police department.

11.      Rick went in his house.

12.      Officer Nguyen pulled up to Jennifer in her car on the sidewalk.

13.      Jennifer falsely accused Rick of assault.

14.      Officer Nguyen and Sgt. McCurley came to Rick's front door on his covered porch. Officer Nguyen states that *"I asked Rick to step outside of his doorway and put his hands behind his back and Rick advised "No". Sergeant McCurley grabbed Rick`s left arm and I grabbed Rick`s right arm with my right hand and attempted to place it behind his back*." Rick did not invite the officers into his house and there was no search or arrest warrant. O'Donnell was not in the house at the time. There were no exigent circumstances.

15.      After Sgt. McCurley and Officer Nguyen grabbed Rick by the arms, they yanked Rick hard, leg swept Rick, and Rick landed on the walkway on his face and chest.

16.      One of the officers ground Rick's face into the concrete, kneeing and/or elbowing Rick in the back and right arm bicep. Rick's knee was also struck.

17.     Rick's bicep was severely injured. A physician examined Rick and his bicep was torn and had to be reattached to the bone.

18.     Rick's knee `required surgery because of the injury.

19.     Rick's shoulder was also injured causing constant pain.

20.     Rick's nose skin was scraped along with parts of his face.

21.     Medical bills totaled around $30,000.00.

22.     Plaintiff suffered great pain which persists to this day.

23.     Plaintiff was charged with a third degree felony assault of family member impeding breath/circulation and resisting arrest.  However, a Grand Jury found no probable cause and Rick was no billed on November 5, 2020.

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

24.     Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

25.     The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.* The 14th Amendment allows for due process of law. Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

26.     The force used by the individually named defendants, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Rick and violated his due process rights under the 14th Amendment. The Defendants unlawfully struck Rick in the face with the butt of a pistol in violation of the 4th and 14th Amendments. The Defendants severely injured Rick which constituted excessive force.

27.     As there were no exigent circumstances or warrant reaching through the

*Plaintiff's Original Complaint*                                                                                          4

doorway from Rick's covered porch and grabbing Rick was an unreasonable search and seizure by Officer Nguyen and Sgt. McCurley.

28.     Rick's case was no billed so Rick bring suit for false arrest and malicious prosecution.

29.     The City of League City has a custom, policy, practice, and procedure of using excessive force on individuals and not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Section 1983 and 1988. There is a pattern and practice of excessive force and condoning excessive force. This pattern and practice was ratified by League City Police Department when the department determined that the officers' actions were consistent with department policy.

## LIABILTY FOR FAILURE TO INTERVENE

30.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31.     A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Although *Hale* most often applies in the context of excessive force claims, this Court recognized that other constitutional violations also may support a theory of bystander liability. *Whitley v. Hanna*, 726 F.3d 631, 646 n. 11 (5th Cir. 2013)(citing *Richie v. Wharton County Sheriff's Dep't Star Team*, No. 12–20014, 2013 WL 616962, at *2 (5th Cir. Feb. 19, 2013)(per curiam) (unpublished)(noting that plaintiff failed to allege facts suggesting that officers "were liable under a theory of bystander liability for failing to prevent ... other member[s] from committing constitutional violations")). Further, the Second Circuit has stated that

"law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994). *See* also, *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)("we believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). Thus, officers such as Nguyen and McCurley may be liable under § 1983 under a theory of bystander liability when the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley*, 726 F.3d at 646.

## ASSAULT

32.     Plaintiff brings a claim of assault against McCurley and Nguyen, both individually, only. Plaintiff does NOT bring an assault claim against the City of League City, Texas.

33.     The elements of assault are the same in civil and criminal suits. *Hall v. Sonic Drive-In of Angleton, Inc.,* 177 S.W.3d 636, 649 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Morgan v. City of Alvin,* 175 S.W.3d 408, 418 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A person commits an assault if the person (1)  intentionally, knowingly or recklessly causes bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact

as offensive or provocative. Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2010). The common law tort of assault exists to redress personal injury caused by offensive physical contact or the threat of imminent bodily injury. See *Hall v. Sonic Drive-In of Angleton, Inc.,* 177 S.W.3d 636, 650 (Tex.App.- Houston [1st Dist.] 2005, pet. denied).

## MENTAL ANGUISH

34.     Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

35.     Rick suffered at least anxiety, fear, anger, shame and depression because of the acts of the individually named defendants and the City of League City and, therefore, Rick seeks damages for mental anguish past and future as well as the pain and suffering, past and future, and other damages set forth above.

## PUNITIVE DAMAGES

36.     Plaintiff incorporates all preceding paragraphs as if set fully herein.

37.     The individually named defendants actions and inactions cause them to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscience.

## ATTORNEYS' FEES

38.     Plaintiff is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

39.     Plaintiff requests a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rick West requests that the Court:

A.    Enter judgment for the Plaintiff and against the individual defendants and the City of League City, Texas holding them jointly and severally liable;

B.    Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C.    Award damages to Plaintiff for the violations of his Constitutional rights and for his state law claims;

D.    Award Pre- and post-judgement interest;

E.    Award Punitive damages against each and every individually named defendant, and

F.    Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
KALLINEN LAW PLLC
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:    713/783-2677
FAX:              713/893-6737
Email:            AttorneyKallinen@aol.com

Alexander C. Johnson
KALLINEN LAW PLLC
State Bar of Texas No. 24123583
U.S. Southern District of Texas Bar No. 3679181
511 Broadway Street
Houston, Texas 77012

Telephone:    573/340-3316
FAX:    713/893-6737
Email:    alex@acj.legal

ATTORNEYS FOR PLAINTIFF