United States District Court
Southern District of Texas
**ENTERED**
August 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICK WEST, | § | |
| Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 3:21-cv-00371 |
| CITY OF LEAGUE CITY, TEXAS, *et al.*, | § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

Plaintiff Rick West ("West") has filed a Motion to Extend Deadlines (Dkt. 25) in which he seeks to extend all deadlines in this case by four months.

## BACKGROUND

West filed this excessive force lawsuit on December 31, 2021 against the City of League City, Texas ("League City"), League City Officer P.D. Nguyen ("Officer Nguyen"), and League City Sergeant R.B. McCurley ("Sergeant McCurley") (collectively "Defendants"). The Docket Control Order I originally entered established a March 24, 2023 discovery deadline.

In early April 2022, Defendants filed a motion to dismiss the First Amended Complaint. Because Officer Nguyen and Sergeant McCurley sought dismissal on qualified immunity grounds, discovery was stayed as a matter of law until the Court ruled on that issue.

On January 13, 2023, the Court had not yet ruled on the motion to dismiss, so West filed an unopposed motion for extension of time seeking to extend the deadlines by four months. The Court granted the motion for extension of time and entered an Amended Docket Control Order. The new discovery deadline was set for July 23, 2023.

On March 31, 2023, the Court granted in part and denied in part Defendants' motion to dismiss. Shortly after that, the parties initiated the discovery process, with both sides exchanging written discovery. Depositions were scheduled for West, Officer Nguyen, and Sergeant McCurley.

On July 23, 2023, the day of the discovery deadline, West filed the instant motion to extend all deadlines by an additional four months. Defendants oppose the motion to extend the deadlines, arguing that West has failed to establish good cause to extend any deadlines. Defendants further claim that extending deadlines will result in unfair prejudice by subjecting them to additional expenses and needless delay.

## ANALYSIS

West's motion is governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To demonstrate good cause, the party seeking to modify the scheduling order has the burden to show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted). Courts consider the following factors when determining whether the moving party has demonstrated good cause for delay: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) the potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id*. (cleaned up).

West offers two reasons why his motion to extend deadlines should be granted. First, West claims that he may need to "take one or two depositions from" doctors and medical care professionals who treated him. Dkt. 25 at 3. Although the discovery deadline has already passed, Defendants expressly state in their response to the Motion to Extend Deadlines that they "do not oppose [West] deposing doctors and medical health providers." Dkt. 26 at 6. The Galveston Division Rules of Practice state that "[t]he parties may agree to extensions of discovery deadlines without seeking court approval, so long as the extension does not affect the . . . docket-call date." S.D. TEX. GALVESTON DIV. R. 3. The docket call in this case is currently set for November 13, 2023. *See* Dkt. 20. West is free to schedule the depositions of those doctors and medical health providers at a convenient time well in advance of the November docket call. As a result, there is no need for me to modify any scheduling deadline for West to depose doctors and medical health providers.

Second, West claims that the depositions of West, Officer Nguyen, and Sergeant McCurley, which were scheduled for the week of July 24, 2023,[1] "could very likely result in the revealing of additional witnesses and relevant documents and there will [be a] need for further discovery." Dkt. 25. at 3. Those depositions apparently took place almost a month ago. Yet, West has failed to supplement the record to indicate what happened at those depositions. I am left to guess what discovery West wants to pursue and how such information is relevant to the claims raised in this matter. Simply making a generic request for more discovery, without any elaboration whatsoever, is woefully insufficient. Therefore, West has failed to provide a valid explanation for his failure to timely comply with the docket control order's discovery deadline.

The other three "good-cause factors" also do not favor West. Because West has not articulated what discovery he wants to pursue, he certainly cannot demonstrate the importance of modifying the docket control order. Additionally, extending the discovery deadline at this late date would prejudice Defendants by way of imposing additional and avoidable costs in the form of more discovery. Finally, although the availability of a continuance is always an option, I do not see how that weighs in favor of finding good cause. Overall, none of the four relevant factors weigh in favor of a finding of good cause under Rule 16(b)(4).

## CONCLUSION

For the reasons set forth above, West's Motion to Extend Deadlines (Dkt. 25) is **DENIED**.

SIGNED this 18th day of August 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties agreed to conduct these depositions after the July 23, 2023 discovery deadline.